UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER RIVAS-PARRALES,<br><br>       Petitioner,<br><br>       v.<br><br>CHRISTOPHER CHESTNUT, *et al*.,<br><br>       Respondents. | Case No.  1:26-cv-03811  (VC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

This habeas action concerns the detention of Petitioner Lester Rivas-Parrales, a noncitizen who has lived in the United States for the last four years .  Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was re-detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus. Dkt. No. 1. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and ORDERS Petitioner's immediate release.

## I.    BACKGROUND

Petitioner is a citizen of Nicaragua who entered the United States on January 29, 2022. Dkt. No. 10-1 at 3.  Upon entry, a "Border Patrol Agent encountered [him] [] in the Rio Grande Valley, Texas U.S. Boader Patrol Sector[,]" and  arrested him. *Id*. He was then "transported to the Rio Grande Valley Sector Centralized Processing Center in McAllen, Texas for further processing[.]" At the processing center, Petitioner was issued a Notice to Appear ("NTA") and "released on recognizance as per section 212(a)(6)(A)(i) of the Immigration and Nationality Act."  *Id*. at 3–4, 6.

Since his release over four years ago, Petitioner has applied for asylum, obtained valid work authorization, and begun work. *Id*. at 12; *see* Dkt. No. 11 at 1.

Petitioner was re-detained by Immigrations and Customers Enforcement ("ICE") on April 23, 2026 while on his way to work.  Dkt. No. 10-1 at 11; Dkt. No. 1 at 5.  Petitioner filed the instant petition for writ of habeas corpus, arguing that his re-detention violates the due process clause of the Fifth Amendment. Dkt. No. 1 at 16. He requests that the Court either grant his immediate release or order a bond hearing before an immigration judge where the Government must establish by clear and convincing evidence that Petition presents a flight risk or danger. *Id*. at 17. In Respondents' two-page opposition, the Government relies entirely on its new interpretation of 8 U.S.C.§ 1225(b) as mandating Petitioner's detention, a position Petitioner disputes.  *See* Dkt. 10 at 1–2.

## II.    DISCUSSION

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b) as Respondents contend.  This Court—as well as the majority throughout the Ninth Circuit—have already concluded that § 1225(b) does not apply to non-citizens like Petitioner who were previously released by the government on their own recognizance. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). "Such expansive interpretation of § 1225(b)(2) is unlawful as applied to non-citizens," like Petitioner, "who have been released by DHS on their own recognizance into the interior of the country." *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026).

As the Government makes no further argument regarding the basis for Petitioner's detention, the Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest

under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### A.      Liberty Interest

Petitioner's release from immigration custody in January 2022 gave rise to a protected liberty interest. The regulations that authorize immigration authorities to release a noncitizen on his own recognizance require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding."  8 C.F.R. § 1236.1(c)(8); *see also*, *Cordero Pelico v. Kaiser*, No. 25-CV-07286-EMC, 2025 WL 2822876, at *7 (N.D. Cal. Oct. 3, 2025) ("Under federal regulation, DHS was authorized to release them under § 1226 only upon a determination that 'such release would not pose a danger to property or persons' and that they were 'likely to appear for any future proceeding.'"). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "Thus, DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh v. Noem*, No. 26-CV-0932-GPC-MMP, 2026 WL 468159, at *2 (S.D. Cal. Feb. 18, 2026) (internal quotation omitted).

The Government would have necessarily determined that Petitioner was neither a flight risk nor danger to the community when they released him on his own recognizance in January 2022. Since then, Petitioner has developed ties in the community—he has applied for asylum, obtained work authorization from USCIS, and begun work. *See* Dkt. No. 10-1 at 12; Dkt. No. 11 at 1. Further, Respondents have not pointed to any facts—or even argued—that Petitioner violated any of the terms of his release. As such, the Government's election to release Petitioner provided him with a liberty interest that is protected by the Due Process Clause. *See, e.g.*, *Olivero v. Kaiser*, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *Ortega v. Bonnar*, 415 F.

3

Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-CV-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

## B.     *Mathews* Factors

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over four years. In the intervening years he has been allowed to develop ties in his community and seek various forms of immigration relief. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega*, 415 F. Supp. 3d at 970; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094.  If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

## III.     CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

1.     Respondents immediately release Petitioner Lester Rivas-Parrales from their custody.

2.     Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.     If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing at which the

government will bear the burden of demonstrating by clear and convincing evidence that Petitioner poses a flight risk or a danger to the community if not detained.

4.      This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____
VINCE CHHABRIA
United States District Judge